UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT K. RYMER,

        Petitioner,

v.                                        Case No. 18-C-1347

BRIAN FOSTER,

        Respondent.

## DECISION AND ORDER

Petitioner Robert K. Rymer, who is currently incarcerated at Waupun Correctional Institution, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Rymer was convicted in Winnebago County Circuit Court of first-degree intentional homicide and attempted first-degree intentional homicide. He was sentenced to forty years of imprisonment for first-degree intentional homicide and a life sentence for attempted first-degree intentional homicide, to run consecutively. On December 13, 2018, Respondent filed a motion to dismiss the petition on the ground that it is untimely. For the reasons below, Respondent's motion will be granted and the case dismissed.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for filing a habeas petition in federal court. A state prisoner seeking federal relief under 28 U.S.C. § 2254 must generally file his petition within one year of "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Rymer was convicted in July 1998, and he subsequently pursued a direct appeal of his convictions. The Wisconsin Court of Appeals rejected Rymer's numerous claims and affirmed his convictions on December 20, 2000. The Wisconsin Supreme Court denied Rymer's petition for review on February 7, 2001. Rymer did not file a certiorari petition in the United States Supreme Court. As a result, the one-year limitation period started running on May 9, 2001. Rymer therefore had one year, until May 9, 2002, to file a federal habeas petition challenging his conviction and confinement. Rymer did not file his federal habeas petition until August 31, 2018, well after the one-year limitation period had run. As a result, Rymer's petition is untimely.

Although the one-year period for filing habeas petitions can be tolled in two instances, neither applies here. First, the limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In this case, Rymer filed various motions in state court: an October 25, 2002 motion for post-conviction relief, a 2013 motion for a *Machner* hearing, and a 2014 writ of coram nobis. But those motions were filed after the one-year statute of limitations had expired. As such, tolling pursuant to § 2244(d)(2) is not applicable.

A court may also equitably toll the limitations period. "[E]quitable tolling is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (citation omitted). To establish "extraordinary circumstances," a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

2

filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Rymer has satisfied neither requirement. Nothing in the record permits the court to conclude that Rymer faced any impairment in filing the petition or that the factual predicates of his claims are newly discovered. While Rymer argues the merits of his claims in his response brief, he fails to state why he could not bring his claims earlier. The court therefore cannot conclude that the circumstances of this case warrant applying the doctrine of equitable tolling.

Rymer allowed the one-year statute of limitations for federal habeas review to lapse. The circumstances of this case do not allow him to take advantage of statutory or equitable tolling. Accordingly, Rymer's petition is time-barred and must be dismissed. Respondent's motion to dismiss (ECF No. 14) is therefore **GRANTED**.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The court concludes that its decision is neither incorrect nor debatable among jurists of reason. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to enter judgment denying the petition as untimely and dismissing the action. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed.

R. App. P. 3, 4. In the event Rymer decides to appeal, he should also request that the court of appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** this  27th  day of March, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court